802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FADEE MULAZIM, Plaintiff-Appellant
v.
DALE SUITER; SANDER PHELPS, Defendants-Appellees.
 No. 86-1152.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1986.
 
 1
 BEFORE: MERRITT, MARTIN and GUY, Circuit Judges
 
 ORDER
 
 2
 This matter is before the Court for consideration of appellant's motion for appointment of counsel and application for a certificate of probable cause.
 
 
 3
 On remand from this Court on appellant's First Amendment claim that the prison officials improperly refused to permit the Melanic Palace of the Rising Sun (appellant is the founder) to receive a contribution from one of the inmates at Huron Valley Mens Facility, the district court entered summary judgment in favor of appellees. That order was entered and docketed December 27, 1985. On January 14, 1986, appellant filed a motion to reconsider or in the alternative leave to take an interlocutory appeal (served on January 7, 1986). On February 6, 1986, appellant's letter to the district court judge was filed; it evidences appellant's desire to appeal from the summary judgment.
 
 
 4
 The district court has construed appellant's letter to the district judge, filed February 6, 1986, as the notice of appeal. Such a construction renders the appeal jurisdictionally defective. Absent any time-tolling motions, the notice of appeal was due January 27, 1986. Rule 4(a)(1), Federal Rules of Appellate Procedure. Appellant served a motion to reconsider or in the alternative leave to appeal in forma pauperis and a motion for appointment of counsel on appeal on January 7, 1986, within the 10 days prescribed by Rule 59(e), Federal Rules of Appellate Procedure. The motion to reconsider tolled the time for filing the notice of appeal. Rule 4(a)(4), Federal Rules of Appellate Procedure. While those motions were pending, appellant sent the letter of February 6, 1986, to the district judge. As previously noted, the district court has construed that letter as a notice of appeal. As such, the appeal is premature because the time-tolling motion to reconsider was pending when the notice of appeal was filed. Rule 4(a)(4), Federal Rules of Appellate Procedure; Griggs v. Provident Consumer Discount Co, 459 U.S. 56 (1982). On February 28, 1986, 22 days after the notice of appeal was filed, the district court entered an order denying the motion to reconsider. Appellant has filed no new notice of appeal therefrom. It appears that the appeal was taken prematurely so that this Court is without jurisdiction to entertain the appeal. Griggs, supra; Rule 4(a)(4), Federal Rules of Appellate Procedure.
 
 
 5
 Because the Court lacks jurisdiction, it is ORDERED that this appeal is dismissed. The motion for appointment of counsel and the application for certificate of probable cause (unnecessary in a 1983 action) are denied.